IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DAVID J. DAVIS,

    Plaintiff,

v.                                         Civil Action No. 5:10CV72
                                                          (STAMP)
MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Procedural History

The plaintiff, David J. Davis, filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act on March 22, 2007. In his application, the plaintiff alleges disability beginning August 28, 2005 due to an injury to his right hand, deafness in his left ear, limited hearing abilities in his right ear, restless legs, knee pain, and hypertension.

The Social Security Administration denied the plaintiff's application initially and on reconsideration. The plaintiff requested a hearing, and a hearing was held on November 13, 2008, before an administrative law judge ("ALJ"). The plaintiff, represented by a non-attorney representative,[1] testified on his own behalf, as did a vocational expert ("VE"). On January 26, 2009,

---

[1]Title 20, Code of Federal Regulations, Section 404.1705(b) provides that a person other than an attorney may serve as a representative.

the ALJ issued a decision finding that the plaintiff was capable of a reduced range of light exertional work. The Appeals Council denied the plaintiff's request for review, rendering the ALJ's decision final.

The case was referred to United States Magistrate Judge John S. Kaull for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Both the plaintiff and the defendant filed motions for summary judgment.[2] On June 22, 2011, the magistrate judge issued a report and recommendation recommending that the defendant's motion for summary judgment be denied and the plaintiff's motion for summary judgment be granted by a remand of this matter to the Commissioner for further action. Upon submitting his report, Magistrate Judge Kaull informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within fourteen (14) days after being served with a copy of the report. The defendant filed timely objections, to which the plaintiff responded.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's

---

[2]In these appeal proceedings, in which the plaintiff seeks review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g), the plaintiff was represented by counsel.

recommendation to which objection is timely made.  As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous."  See Webb v. Califano, 458 F. Supp. 825 (E.D. Cal. 1979).  Because the defendant filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

### III.  Discussion

In his motion for summary judgment, the plaintiff alleges that the Commissioner's decision is not supported by substantial evidence because the VE's testimony, in total, shows that the plaintiff cannot perform substantial gainful activity.  The plaintiff further argues that the ALJ failed to develop the record concerning the plaintiff's depression.

The Commissioner asserts the following in his motion for summary judgment: (1) the plaintiff failed to demonstrate that the ALJ was biased; (2) the ALJ's credibility findings are supported by substantial evidence; (3) the ALJ properly relied on the VE's testimony in finding the plaintiff not disabled; and (4) the ALJ properly developed the record.

Magistrate Judge Kaull issued a report and recommendation in which he found that substantial evidence does not support the ALJ's determination that the plaintiff's statements regarding his

impairments and his ability to function are not entirely credible. Specifically, Magistrate Judge Kaull found that the ALJ failed to discuss: (1) the plaintiff's second surgery and continuous physical therapy; (2) pain as a residual effect of the plaintiff's injury; and (3) the diagnosis of Dr. Currence, the plaintiff's treating physician. Further, the magistrate judge found no evidence that the plaintiff was malingering or attempting to get benefits that he did not earn. The magistrate judge notes that, in fact, the State agency reviewing physicians found that the plaintiff's complaints regarding his symptoms were credible.

Next, the magistrate judge found that the ALJ failed to mention the plaintiff's mental impairments, which were diagnosed by his long-term treating physician. Thus, the magistrate judge concluded that substantial evidence does not support the ALJ's step two finding regarding the plaintiff's impairments. According to the magistrate judge, it follows that substantial evidence does not support the ALJ's findings at steps three, four, and five, and his ultimate conclusion that the plaintiff was not disabled at any time relevant to this claim.

Thereafter, the defendant filed objections to the magistrate judge's report and recommendation. First, the defendant argues that the magistrate judge erroneously substituted his opinion in finding that the ALJ's credibility analysis was not supported by substantial evidence. Specifically, the defendant contends that

4

the ALJ did not discount the plaintiff's allegations of pain and symptoms. The defendant also argues that the ALJ considered the objective medical evidence and the plaintiff's response to treatment in his credibility analysis. Third, the defendant claims that the magistrate judge re-weighed the evidence, despite the fact that the ALJ thoroughly explained his credibility analysis which was based on substantial medical evidence.

The defendant also argues that the ALJ properly found that the plaintiff did not have a severe mental impairment at step two of the sequential evaluation process. According to the defendant, the plaintiff did not meet his burden of proving disability. Specifically, the plaintiff did not identify any mental impairments in any of his disability application materials, nor did he ever mention depression as an impairment. Because the only indication of the plaintiff's alleged depression in the record are handwritten treatment notes from Dr. Currence, the plaintiff failed to establish a mental impairment. Further, the May 28, 2009 letter from the plaintiff to the Appeals Council stating that he was depressed was submitted after the record had closed and should therefore, not be considered by this Court. Thus, the defendant contends that the ALJ correctly did not find a severe mental impairment and had no further duty to develop the record.

In his response to the defendant's objections, the plaintiff argues that the ALJ was required to complete a Psychiatric Review

Technique Form ("PRTF") and append it to his decision or incorporate its mode of analysis into his findings and conclusions. Because he failed to do so, the plaintiff contends that remand is necessary. Again, the plaintiff highlights the fact that the ALJ did not discuss the opinions of Dr. Currence, the plaintiff's treating physician.

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1996) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

This Court turns first to the magistrate judge's findings regarding ALJ bias, pain, and credibility. When analyzing claims of bias against an ALJ, this Court must presume that the ALJ is unbiased. See Schweiker v. McClure, 456 U.S. 188, 195 (1982). This presumption can be rebutted by showing that the ALJ "displayed deep-seated and unequivocal antagonism that would render fair judgment impossible." Liteky v. United States, 510 U.S. 540, 556

(1994). After reviewing the record, this Court agrees that the plaintiff has failed to establish that the ALJ was biased against him. The ALJ's statements regarding the plaintiff's workers' compensation case do not, as the plaintiff suggests, reveal prejudice or bias against workers' compensation claimants. Because the plaintiff has failed to show a conflict of interest or other reason for disqualification, he has failed to rebut the presumption that the ALJ was unbiased.

With regard to the ALJ's credibility analysis, this Court agrees with the magistrate judge and finds that substantial evidence does not support the ALJ's determination that the plaintiff's statements regarding his impairments and his ability to function are not entirely credible. The evidence in the record supports the magistrate judge's conclusion that the plaintiff tried his best to regain the use of his dominant hand by undergoing numerous painful procedures and lengthy physical therapy. The plaintiff makes it clear that his goal was to return to his job of twenty-two (22) years, but his permanent impairment made it impossible for him to do so.

In his objections to the report and recommendation, the defendant argues that the ALJ meaningfully discussed the evidence in the record as it related to the credibility analysis. This Court acknowledges that the ALJ did consider the plaintiff's activities of daily living and some objective medical evidence, but

agrees with the magistrate judge that the ALJ's decision omits important evidence. Specifically, the ALJ does not provide any evidence to support his determination that the plaintiff's pain is adequately relieved by medication. In fact, the ALJ does not discuss the diagnosis of Dr. Currence, the plaintiff's treating physician, who in February of 2008 determined that the plaintiff still had chronic pain in his right hand. Moreover, the ALJ's opinion omits any mention of the plaintiff's second surgery and continuous physical therapy for almost a year and a half. Further, there is no indication that the State Agency physicians found the plaintiff's complaints regarding his symptoms to be anything other than credible. While this Court agrees with the defendant that the ALJ is not required to use a particular format in conducting his analysis, the ALJ must sufficiently develop the record and explain his findings to permit meaningful review. See Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004). As explained above, this Court finds that the ALJ has offered inadequate support for his finding that the plaintiff is not entirely credible.

In his report and recommendation, the magistrate judge also found that because the ALJ failed to mention the plaintiff's mental impairment, substantial evidence does not support the conclusion that the plaintiff was not disabled at any time. According to the defendant, the plaintiff did not identify any mental impairments in any of his disability application materials, nor did he mention

depression as an impairment during the hearing. Thus, the defendant contends that the plaintiff has failed to meet his burden of establishing a mental impairment. See 20 C.F.R. § 404.1512(a) ("In general, you have to prove to us that you are blind or disabled. Therefore, you must bring to our attention everything that shows that you are blind or disabled. This means that you must furnish medical and other evidence that we can use to reach conclusions about your medical impairment(s) . . . . We will consider only impairment(s) you say you have or about which we receive evidence.").

This Court recognizes that it is the claimant's responsibility to prove that he is disabled. Although the plaintiff did not mention depression specifically at the hearing, he did state that he has a hard time sleeping and that he worries "about everything and anything." (R. 33.) Additionally, there are multiple documents in the record that contain references to or allude to depression. In his function report, the plaintiff states that he worries a lot and cannot sleep. (R. 134.) He writes that he is short and angry with his family. (R. 138.) Also, the plaintiff states that he handles stress by going into his room and putting a pillow over his head. (R. 139.) In response to the question regarding changes in routine, the plaintiff writes that he handles these with anger. (R. 139.) In a letter dated May 28, 2009, the plaintiff claims that he has been very depressed since the accident and that he sits

and cries from pain and frustration.[3] (R. 166.) A progress note from June 26, 2007 reveals that the plaintiff complained of depression and was prescribed an antidepressant by Dr. Currence. (R. 664-65.) Finally, a progress note dated February 7, 2008 states that the plaintiff's depression has improved. (R. 666.) Despite the existence of these documents, the ALJ did not question the plaintiff about his mental health at the hearing or reference the mental impairment in his decision. Although the plaintiff did not claim disability on the basis of any psychiatric condition in his original application for benefits, "the failure to raise the issue during the administrative agency proceedings does not foreclose consideration of the issue now." Calcek v. Comm'r of Soc. Sec., No. 3:CV-01-1664, 2003 WL 21911069, at *5 (M.D. Pa. July 31, 2003) (citing Sims v. Apfel, 530 U.S. 103 (2000)). "The more pertinent question . . . is whether the ALJ had an obligation to complete the [PRTF]." Id. The Third Circuit has observed:

> The ALJ cannot ignore evidence of a mental impairment in the record . . . . When there is evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in 20 C.F.R. § 404.1520a.

Calcek, 2003 WL 21911069, at *6 (citing Plummer v. Apfel, 186 F.3d 422, 432-33 (3d Cir. 1999)).

---

[3]This letter was submitted only after the initial and reconsideration stages of the plaintiff's application.

In this case, the evidence was sufficient to place the ALJ on notice that depression compromised the plaintiff's vocational abilities. By failing to consider the numerous indications of the plaintiff's depression, the ALJ neglected to resolve a crucial issue. See also Prentice v. Apfel, 11 F. Supp. 2d 420, 426 (S.D. N.Y. 1998) ("[T]he fact that plaintiff did not cite depression as a basis for disability is not dispositive of the issue of whether [the ALJ] had a duty to investigate the possibility that plaintiff was disabled by a mental impairment."). "Where the claimant has presented a colorable claim of mental impairment, as here, the failure to incorporate the special technique [as described in 20 C.F.R. § 404.1520a(b)-(e)] into the ALJ's decision warrants remand for further proceedings." Sparrow v. Astrue, No. 4:09-CV-143-D, 2010 WL 2910013 (E.D. N.C. June 28, 2010); see also White v. Barnhart, 321 F. Supp. 3d 800, 804 (N.D. W. Va. 2004) (holding that because the record contains substantial evidence indicating the claimant suffered from anxiety and panic disorders with agoraphobia, the ALJ should have ordered a psychological examination and further developed the record with respect to the possibility of a mental impairment prior to rendering a decision). Accordingly, this Court agrees that remand is warranted.

In his objections, the defendant focuses on the fact that the plaintiff has not shown that he suffers from a severe mental impairment. This Court, however, will not assume that the

11

plaintiff's depression is too minor to have an affect on the ALJ's decision. "The determination as to the severity and effect of an impairment is to be made by the ALJ rather than by a court on judicial review." Graves v. Astrue, No. 2:07CV306, 2008 WL 4093726, at *4 (S.D. Miss. Aug. 27, 2008).

Significantly, the plaintiff in this case was represented by a non-attorney representative. Title 20, Code of Federal Regulations, Section 404.1705 permits a person other than an attorney to serve as a representative, but some courts have held that when a claimant is not represented by counsel, the ALJ "is under a heightened duty to scrupulously and conscientiously explore all relevant facts." Castillo v. Barnhart, 325 F.3d 550, 552-53 (5th Cir. 2003); Brock v. Chater, 84 F.3d 726, 728 (5th Cir. 1996). According to the Fifth Circuit, this heightened duty to develop the record exists even when the claimant is represented by a non-attorney representative. McNeil v. Astrue, No. H-07-3664, 2009 WL 890553, at *12 (S.D. Tex. March 31, 2009). Other courts have held that "[a]n ALJ does not have a special duty to develop the record when a Social Security claimant chooses to be represented by a non-attorney representative." Nichols v. Comm'r of Soc. Sec., No. 1:09-cv-1091, 2010 WL 5178069, at *6 (W.D. Mich. Nov. 18, 2010) (citing Kidd v. Comm'r of Soc. Sec., 283 F. App'x 336, 344-45 (6th Cir. 2008)). In this case, the ALJ failed to explore all of the relevant facts regarding the plaintiff's depression. Even if the

presence of a non-attorney representative does not place a heightened burden on the ALJ, this Court finds that the ALJ did not meet his basic obligation to develop and full and fair record.

This Court has reviewed the record, as well as the parties' motions for summary judgment, and for the reasons set forth in the report and recommendation, concurs with the magistrate judge that the Commissioner's decision denying the plaintiff's application for DIB is not supported by substantial evidence. Accordingly, the magistrate judge's report and recommendation is affirmed and adopted.

## IV. Conclusion

Based upon a de novo review, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. Thus, for the reasons stated above, the defendant's motion for summary judgment is DENIED and the plaintiff's motion for summary judgment is GRANTED by a REMAND of this matter to the Commissioner for further action in accordance with the report and recommendation of the magistrate judge and this opinion. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal

Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: July 28, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE